IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DEMETRO SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: ___3:18cv575___ |
| | ) |
| HENRICO COUNTY, VIRGINIA | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Demetro Smith, by counsel, states as follows as his Complaint against Henrico County, Virginia ("Henrico County" or the "County").

### NATURE OF ACTION

1.      This is an action for race discrimination under 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 1983 ("Section 1983").  In a nutshell, Henrico County denied Smith, who is black, light duty work when he was trying to return to work after being out on FMLA leave. The County then terminated Smith after he had exhausted his leave. The County's denial, however, was racially motivated and was not legitimately based on the fact that no light duty work was available.  Indeed, in Smith's Department, a clear de facto policy existed that favored white employees over black employees such that white employees received light duty work in situations similar to Smith's. In short, Smith was wrongfully and unlawfully terminated based on his race. As a result, Smith now brings this lawsuit to hold the County liable for its unlawful actions

### JURISDICTION AND VENUE

2.       Jurisdiction is conferred on this Court herein pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391, and Local Rule 3(B)(4), as this is the district and division where a substantial part of the events or omissions

1

giving rise to the claim occurred.

**PARTIES**

4.      Smith is an individual resident of Henrico, Virginia.  He is black.

5.      The County was Smith's employer up until August 19, 2014 and is a governmental entity capable of being sued under Section 1981 through Section 1983.

**FACTS**

6.      At all relevant times prior to August 19, 2014, Smith worked at Henrico County as a refuse collector in its Department of Public Utilities.

7.      On or about May 15, 2014, Smith requested medical leave because of right sided pain.  The pain was pronounced in Smith's low back and at the time, he thought he might have suffered a slipped disc in his back.

8.      Smith was slated to return to full time work on or about May 27, 2014.  However, his medical condition had not improved to a point where he could return to work.  Instead, Smith presented the County with medical documentation that said he could return full time soon, but only in a light duty capacity.

9.      However, when Smith later requested to return to work in a light duty capacity, the County denied his request to work in such a position.  Specifically, the County told Smith that it did not have any light duty positions available.

10.     The County's statement about the unavailability of light duty positions was false. In truth, the Department of Public Utilities actually has certain trucks that are specifically designed for light duty work positions and specifically are used for that purpose.

11.     The County's denial of light duty work to Smith was motivated by the fact that Smith is black.  Specifically, in the Department of Public Utilities, a clear de facto policy and custom exists

such that white employees are favored over black employees.  Indeed, there is even a so-called white clique/inner circle in that department that gives favorable treatment to white employees at the expense of the department's black employees.

12.     The policy and custom of favoring white employees over black employees is directly implicated here, because white employees are regularly given light duty positions when they need them.  Smith, however, was denied such a position.

13.     The race-based discrimination experienced by Smith ultimately led to his termination. Specifically, after Smith had exhausted all of his protected leave time, Henrico County terminated him on August 19, 2014.

14.     Also of note, the County purported to send Smith a letter in mid-August 2014 telling him to contact his Division Director about whether he could return to work.  Smith never received any such letter, however, and even if he had, he would have continued to maintain that the best he could do at that time is return to work in a light duty capacity.

## COUNT I:
### RACE DISCRIMINATION CLAIM (SECTION 1981)

15.     The allegations of paragraphs 1-14 are realleged as if fully set forth herein.

16.     Section 1981 of Title 42 of the United States Code states in relevant part, that:

(a)  Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains penalties, taxes, licenses, and exactions of every kind, and to no other.

(b)  "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and

3

the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

17.     Here, Defendant discriminated against Smith on the basis of his race and, in doing so, deprived him of his federally protected rights under Section 1981, as enforced through 42 U.S.C. § 1983.  Indeed, as explained herein, the Department where Smith worked has a *de facto* policy and custom of favoring white employees and disfavoring black employees such as Smith. This custom and policy was most notably evidenced by the fact Smith was denied light duty work in the Department even though white employees are regularly granted such work in situations similar to Smith's.

18.     As a result of the County's actions, Smith has lost his job as described herein and has also suffered substantial distress and pain and suffering and inconvenience.

WHEREFORE, for all of the reasons stated above, plaintiff Demetro Smith respectfully and specifically requests that the Court:

A.      Accept jurisdiction of this case.

B.      Declare that Plaintiff has suffered acts of discrimination at the hands of the County under Section 1981.

C.      Award Plaintiff compensatory damages for the humiliation, damage to his reputation, mental and emotional distress, and pain and suffering that he has experienced and endured. Such damages shall be in an amount in excess of two hundred thousand dollars ($200,000), the exact amount to be determined at trial.

D.      Award Plaintiff compensatory damages, back pay, and front pay for the economic and employment losses he has suffered as a result of the unlawful actions of the County. Such damages, front pay, and back pay shall be in an amount in excess of five hundred thousand dollars ($300,000), the exact amount to be determined at trial.

E.      Grant Plaintiff pre-judgment and post-judgment interest on all damages awarded,

to the maximum extent allowed by law.

F.      Grant Plaintiff his reasonable expenses, costs and attorney's fees.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

DEMETRO SMITH

By:      s/ Richard F. Hawkins, III
         Virginia Bar Number: 40666
         THE HAWKINS LAW FIRM, PC
         2222 Monument Avenue
         Richmond, Virginia 23220
         (804) 308-3040 (telephone)
         (804) 308-3132 (facsimile)
         Email: rhawkins@thehawkinslawfirm.net

Counsel for Plaintiff